Guy W. Rogers
Jon A. Wilson
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel. (406) 248-2611
Fax (406) 248-3128
*Attorneys for Defendants Watchtower Bible and Tract Society of New York, Inc.,*
*and Watch Tower Bible and Tract Society of Pennsylvania*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| ARIANE ROWLAND, and JAMIE SCHULZE, | Cause No. CV-20-59-BLG-SPW-TJC |
| Plaintiffs, | **ANSWER AND DEMAND FOR JURY TRIAL OF DEFENDANT WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC.** |
| vs. | |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., and WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA | |
| Defendants. | |

COME NOW Defendant Watchtower Bible and Tract Society of New York,

Inc., (hereinafter "WTNY"), by and through its attorneys, and answers Plaintiffs'

Complaint and Jury Demand (hereinafter "Complaint"), as follows:

## I.   PARTIES, JURISDICTION AND VENUE

1.     WTNY lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 1 and, therefore, the same are denied.

2.     WTNY lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 2 and, therefore, the same are denied.

3.     WTNY admits that it is a New York corporation and that it has its principal place of business in New York. WTNY denies the remaining allegations of paragraph 3.

4.     The allegations of paragraph 4 do not appear to be directed to this answering Defendant.  In the event paragraph 4 is deemed to include allegations against WTNY to which a response is required, the same are denied.

5.     WTNY lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 5 and, therefore, the same are denied.

6.     WTNY denies the allegations of paragraph 6 as calling for legal conclusions.

7.     WTNY denies the allegations of paragraph 7 as calling for legal conclusions.

8.      WTNY denies the allegations of paragraph 8 as calling for legal conclusions.

## II.    <u>FACTS COMMON TO ALL CLAIMS</u>

9.      The allegations of paragraph 9 do not appear to be directed to this answering Defendant.  In the event paragraph 9 is deemed to include allegations against WTNY to which a response is required, the same are denied.  WTNY affirmatively asserts that it has no understanding of term "Jehovah's Witness Church".

10.      WTNY denies the allegations of paragraph 10, as it is simply a corporation that assists the faith of Jehovah's Witnesses.

11.      The allegations of paragraph 11 do not appear to be directed to this answering Defendant.  In the event paragraph 11 is deemed to include allegations against WTNY to which a response is required, the same are denied.

12.      The allegations of paragraph 12 do not appear to be directed to this answering Defendant.  In the event paragraph 12 is deemed to include allegations against WTNY, the same are denied.

13.      WTNY admits that, based on recommendations from local congregations, it evaluated and communicated appointments of "ministerial servants" and "elders" to local congregations.  WTNY denies the remaining allegations of paragraph 13.

14.     WTNY denies the allegations of paragraph 14.

15.     The allegations of paragraph 15 do not appear to be directed to this answering Defendant.  In the event paragraph 15 is deemed to include allegations against WTNY to which a response is required, the same are denied.

16.     WTNY denies the allegations of paragraph 16.

17.     WTNY denies the allegations of paragraph 17.

18.     WTNY denies the allegations of paragraph 18.

19.     WTNY denies the allegations of paragraph 19 and affirmatively asserts it has no understanding of the term "Watchtower Protocols".

20.     WTNY denies the allegations of paragraph 20 and affirmatively asserts it has no understanding of the term "Watchtower Protocols".

21.     The allegations of paragraph 21 do not appear to be directed to this answering Defendant.  In the event paragraph 21 is deemed to include allegations against WTNY to which a response is required, the same are denied.

22.     The allegations of paragraph 22 do not appear to be directed to this answering Defendant.  In the event paragraph 22 is deemed to include allegations against WTNY to which a response is required, the same are denied.

23.     The allegations of paragraph 23 do not appear to be directed to this answering Defendant.  In the event paragraph 23 is deemed to include allegations against WTNY to which a response is required, the same are denied.

24.     WTNY denies the allegations of paragraph 24 and affirmatively asserts it has no understanding of the term "Watchtower Protocols".

25.     WTNY denies the allegations of paragraph 25 and affirmatively asserts it has no understanding of the term "Watchtower Protocols".

26.     WTNY denies the allegations of paragraph 26 and affirmatively asserts it has no understanding of the term "Watchtower Protocols".

27.     The allegations of paragraph 27 do not appear to be directed to this answering Defendant.  In the event paragraph 27 is deemed to include allegations against WTNY to which a response is required, the same are denied.

28.     The allegations of paragraph 28 do not appear to be directed to this answering Defendant.  In the event paragraph 28 is deemed to include allegations against WTNY to which a response is required, the same are denied.

29.     The allegations of paragraph 29 do not appear to be directed to this answering Defendant.  In the event paragraph 29 is deemed to include allegations against WTNY to which a response is required, the same are denied.

30.     WTNY lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 30 and, therefore, the same are denied.

31.     The allegations of paragraph 31 do not appear to be directed to this answering Defendant.  In the event paragraph 31 is deemed to include allegations against WTNY to which a response is required, the same are denied.

32.     The allegations of paragraph 32 do not appear to be directed to this answering Defendant.  In the event paragraph 32 is deemed to include allegations against WTNY to which a response is required, the same are denied.

33.     The allegations of paragraph 33 do not appear to be directed to this answering Defendant.  In the event paragraph 33 is deemed to include allegations against WTNY to which a response is required, the same are denied.

34.     The allegations of paragraph 34 do not appear to be directed to this answering Defendant.  In the event paragraph 34 is deemed to include allegations against WTNY to which a response is required, the same are denied.

35.     The allegations of paragraph 35 do not appear to be directed to this answering Defendant.  In the event paragraph 35 is deemed to include allegations against WTNY to which a response is required, the same are denied.

36.     The allegations of paragraph 36 do not appear to be directed to this answering Defendant.  In the event paragraph 36 is deemed to include allegations against WTNY to which a response is required, the same are denied.

37.     The allegations of paragraph 37 do not appear to be directed to this answering Defendant.  In the event paragraph 37 is deemed to include allegations against WTNY to which a response is required, the same are denied.

38.     The allegations of paragraph 38 do not appear to be directed to this answering Defendant.  In the event paragraph 38 is deemed to include allegations against WTNY to which a response is required, the same are denied.

39.     The allegations of paragraph 39 do not appear to be directed to this answering Defendant.  In the event paragraph 39 is deemed to include allegations against WTNY to which a response is required, the same are denied.

40.     The allegations of paragraph 40 do not appear to be directed to this answering Defendant.  In the event paragraph 40 is deemed to include allegations against WTNY to which a response is required, the same are denied.

41.     The allegations of paragraph 41 do not appear to be directed to this answering Defendant.  In the event paragraph 41 is deemed to include allegations against WTNY to which a response is required, the same are denied.

42.     The allegations of paragraph 42 do not appear to be directed to this answering Defendant.  In the event paragraph 42 is deemed to include allegations against WTNY to which a response is required, the same are denied.

43.     The allegations of paragraph 43 do not appear to be directed to this answering Defendant.  In the event paragraph 43 is deemed to include allegations against WTNY to which a response is required, the same are denied.

44.     The allegations of paragraph 44 do not appear to be directed to this answering Defendant.  In the event paragraph 44 is deemed to include allegations against WTNY to which a response is required, the same are denied.

45.     The allegations of paragraph 45 do not appear to be directed to this answering Defendant.  In the event paragraph 45 is deemed to include allegations against WTNY to which a response is required, the same are denied.

46.     The allegations of paragraph 46 do not appear to be directed to this answering Defendant.  In the event paragraph 46 is deemed to include allegations against WTNY to which a response is required, the same are denied.

47.     The allegations of paragraph 47 do not appear to be directed to this answering Defendant.  In the event paragraph 47 is deemed to include allegations against WTNY to which a response is required, the same are denied.

48.     The allegations of paragraph 48 do not appear to be directed to this answering Defendant.  In the event paragraph 48 is deemed to include allegations against WTNY to which a response is required, the same are denied.

49.     The allegations of paragraph 49 do not appear to be directed to this answering Defendant.  In the event paragraph 49 is deemed to include allegations against WTNY to which a response is required, the same are denied.

50.     The allegations of paragraph 50 do not appear to be directed to this answering Defendant.  In the event paragraph 50 is deemed to include allegations against WTNY to which a response is required, the same are denied.

51.     The allegations of paragraph 51 do not appear to be directed to this answering Defendant.  In the event paragraph 51 is deemed to include allegations against WTNY to which a response is required, the same are denied.

52.     The allegations of paragraph 52 do not appear to be directed to this answering Defendant.  In the event paragraph 52 is deemed to include allegations against WTNY to which a response is required, the same are denied.

53.     The allegations of paragraph 53 do not appear to be directed to this answering Defendant.  In the event paragraph 53 is deemed to include allegations against WTNY to which a response is required, the same are denied.

54.     The allegations of paragraph 54 do not appear to be directed to this answering Defendant.  In the event paragraph 54 is deemed to include allegations against WTNY to which a response is required, the same are denied.

55.     The allegations of paragraph 55 do not appear to be directed to this answering Defendant.  In the event paragraph 55 is deemed to include allegations against WTNY to which a response is required, the same are denied.

56.     The allegations of paragraph 56 do not appear to be directed to this answering Defendant.  In the event paragraph 56 is deemed to include allegations against WTNY to which a response is required, the same are denied.

57.     WTNY denies the allegations of paragraph 57.

58.     The allegations of paragraph 58 do not appear to be directed to this answering Defendant.  In the event paragraph 58 is deemed to include allegations against WTNY to which a response is required, the same are denied.

59.     WTNY denies the allegations of paragraph 59 as calling for legal conclusions and affirmatively asserts it has no understanding of the term "Watchtower Protocols".

60.     WTNY denies the allegations of paragraph 60.

61.     WTNY denies the allegations of paragraph 61.

62.     The allegations of paragraph 62 do not appear to be directed to this answering Defendant.  In the event paragraph 62 is deemed to include allegations against WTNY to which a response is required, the same are denied.

63.     The allegations of paragraph 63 do not appear to be directed to this answering Defendant.  In the event paragraph 63 is deemed to include allegations against WTNY to which a response is required, the same are denied.

64.     WTNY denies the allegations of paragraph 64 and affirmatively asserts it has no understanding of the term "Jehovah's Witness Church".

65.     The allegations of paragraph 65 do not appear to be directed to this answering Defendant.  In the event paragraph 65 is deemed to include allegations against WTNY to which a response is required, the same are denied.

66.     WTNY admits sending a letter to all bodies of elders in 1997 inquiring about individuals who at any time served in an appointed capacity and were involved in allegations of child abuse.  WTNY denies the remaining allegations of paragraph 66.

67.     WTNY admits to maintaining some congregation correspondence involving responses to its 1997 letter.  WTNY denies the remaining allegations of paragraph 67.

68.     WTNY denies the allegations of paragraph 68.

69.     WTNY admits to maintaining some congregational correspondence involving responses to its 1997 letter.  WTNY denies the remaining allegations of paragraph 69.

70.     WTNY admits that there have been document disputes in other abuse cases. WTNY denies the remaining allegations of paragraph 70.

## III.    CLAIMS

### First Claim: Negligence
(All Defendants)

71.     All of the responses to allegations stated above are incorporated by reference herein as though the same were set forth in full.

72.     WTNY denies the allegations of paragraph 72 as calling for legal conclusions.

73.     WTNY denies the allegations of paragraph 73 as calling for legal conclusions.

74.     WTNY denies the allegations of paragraph 74 as calling for legal conclusions.

### Second Claim: Negligence Per Se
(All Defendants)

75.     All of the responses to the allegations stated above are incorporated by reference herein as though the same were set forth in full.

76.     WTNY denies the allegations of paragraph 76 as calling for legal conclusions.

77.     WTNY denies the allegations of paragraph 77 as calling for legal conclusions.

78.     WTNY denies the allegations of paragraph 78 as calling for legal conclusions.

79.     WTNY denies the allegations of paragraph 79 as calling for legal conclusions.

80.     WTNY denies the allegations of paragraph 80 as calling for legal conclusions.

81.     WTNY denies the allegations of paragraph 81 as calling for legal conclusions.

## **Punitive Damages**
### (All Defendants)

82.     All of the responses to allegations stated above are incorporated by reference herein as though the same were set forth in full.

83.     WTNY denies the allegations of paragraph 83 as calling for legal conclusions.

84.     WTNY denies the allegations of paragraph 84 as calling for legal conclusions.

## **AFFIRMATIVE DEFENSES**

## **FIRST AFFIRMATIVE DEFENSE**

WTNY denies each and every allegation in Plaintiffs' Complaint not specifically admitted, denied, or qualified.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim against WTNY upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, and each cause of action therein, is barred by the First Amendment to the U.S. Constitution and/or Article II, Sections 4-5 of The Constitution of the State of Montana.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, and each cause of action thereof, characterizes church hierarchy, doctrine, policy and practices to establish a foundational basis for liability in violation of federal and state constitutional proscriptions.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, and each cause of action thereof, improperly blurs the existence of distinct legal entities to conflate their existence into a single religious entity in violation of the First and Fourteenth Amendments to the United States Constitution.

## SIXTH AFFIRMATIVE DEFENSE

The claim for punitive damages violates WTNY's right to due process and equal protection as guaranteed by the Fourteenth Amendment to the United States

Constitution and/or Article II, Sections 5 and 17 (equal protection and due process) of The Constitution of the State of Montana.

## SEVENTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case would violate the Commerce Clause of the United States Constitution.

## EIGHTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case would violate the First, Fifth, Sixth, Eighth and/or Fourteenth Amendments to the United States Constitution.

## NINTH AFFIRMATIVE DEFENSE

With respect to the claim for punitive damages, WTNY specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damages awards which arose in the decisions of *BMW of North America v. Gore,* 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424 (2001); *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *Williams v. Phillip Morris*, 549 U.S. 336 (2007); and *Exxon Shipping Co. v. Baker,* 554 U.S. 471 (2008), as well as the limits imposed by Mont. Code Ann. § 27-1-220 et seq.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs have not pleaded and proved sufficient facts to support an award of punitive damages against WTNY under applicable law including, but not limited to, the failure to plead and prove conduct by an officer, director or managing agent of WTNY that would entitle them to recover punitive damages and failure to plead facts sufficient to meet the requisites of Mont. Code Ann. § 27-1-220 et seq.

## ELEVENTH AFFIRMATIVE DEFENSE

If and only if Plaintiffs' allegations are accurate, then WTNY assert their entitlement to an apportionment of fault by the trier of fact between any person (legal or natural) to whom apportionment of fault may be made under Mont. Code Ann. § 27-1-703 and other statutory and common law principles.

## TWELFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred by Mont. Code Ann. § 27-2-216 and other applicable law, rule, statute or regulation controlling or requiring the institution of suit within a certain period of time following its accrual. Accordingly, Plaintiff's claims are barred as a matter of law.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by reason of laches, estoppel, waiver, res judicata, and/or other equitable defenses.

## FOURTEENTH AFFIRMATIVE DEFENSE

WTNY had no duty to and/or breached no duty to Plaintiffs.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of Charitable Immunity.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred for lack of personal jurisdiction over WTNY.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The acts or omissions of third parties, individuals, or entities for which WTNY has no responsibility, either directly or indirectly, whether or not presently named parties to this action, were the sole, intervening, or contributing cause of Plaintiffs' claimed damages, if there are any.  Such acts or omissions bar and/or proportionately reduce recovery, if any, by Plaintiffs against WTNY.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to join all necessary and indispensable persons for a full and just adjudication of the purported causes of action asserted in the Complaint.

## NINETEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs have failed to mitigate, minimize, or avoid any of their claimed damages, any recovery against WTNY is void or must be reduced accordingly.

## TWENTIETH AFFIRMATIVE DEFENSE

Pursuant to Mont. Code Ann. § 27-1-308, any recovery against WTNY must be reduced by the amount of any payments received by Plaintiffs from collateral sources.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries, harm, losses, and/or damages, if there are any, are a result of pre-existing and/or unrelated medical, psychological, and/or emotional conditions for which WTNY is not responsible.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries, harm, losses, and/or damages, if there are any, are a result of post-event and/or unrelated medical, psychological, and/or emotional conditions for which WTNY is not responsible.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to an award of prejudgment interest.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

WTNY hereby gives notice of an intent to rely upon such other affirmative defenses as may become available or apparent during the course of discovery or other proceedings and thus reserves the right to amend this list or assert such other defenses to which WTNY is entitled.  WTNY also reserves the right to withdraw

any affirmative defenses upon discovery of factors or evidence rendering such action appropriate.

**WHEREFORE**, having fully answered Plaintiffs' Complaint, WTNY prays that Plaintiffs take nothing by reason of their Complaint and the same be dismissed with prejudice, awarding WTNY its costs of suit and such other relief as the Court deems appropriate under the circumstances.

<u>**DEMAND FOR JURY TRIAL**</u>

WTNY hereby demands a trial by jury.

DATED this 22nd day of June, 2020.

By:   /s/ Guy W. Rogers

Guy W. Rogers
BROWN LAW FIRM, P.C.
*Attorneys for Defendants Watchtower Bible and Tract Society of New York, Inc., and Watch Tower Bible and Tract Society of Pennsylvania*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on June 22, 2020, a copy of the foregoing was served

on the following person(s):

1.      U.S. District Court, Billings Division

2.      Robert L. Stepans
         Ryan R. Shaffer
         James C. Murnion
         MEYER, SHAFFER & STEPANS, PLLP
         430 Ryman Street
         Missoula, MT 59802

by the following means:

| | | |
|---|---|---|
| 1, 2 | CM/ECF | _____ Fax |
| _____ | Hand Delivery | _____ E-Mail |
| _____ | U.S. Mail | _____ Overnight Delivery Services |

By:   /s/ Guy W. Rogers
         Guy W. Rogers
         BROWN LAW FIRM, P.C.
         *Attorneys for Defendants Watchtower*
         *Bible and Tract Society of New York,*
         *Inc., and Watch Tower Bible and*
         *Tract Society of Pennsylvania*