# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MONTANA BILLINGS DIVISION

| | |
|---|---|
| ARIANE ROWLAND and JAMIE SCHULZE,<br><br>Plaintiffs,<br><br>vs.<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., and WATCHTOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, INC.,<br><br>Defendants. | CV 20-59-BLG-SPW<br><br>ORDER PROVIDING FOR JURISDICTIONAL DISCOVERY |

Before the Court is Defendant Watchtower Bible and Tract Society of Pennsylvania, Inc.'s ("WTPA") motion to dismiss for lack of personal jurisdiction. (Doc. 9.) For the following reasons, the Court reserves ruling on the motion to provide the parties an opportunity to conduct jurisdictional discovery.

A district court's decision to permit jurisdictional discovery is a matter of discretion. *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). "Discovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is

1

necessary." *Id.* (quoting *Data Disc, Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 n. 1 (9th Cir. 1977)).

WTPA is a non-profit corporation located in Pennsylvania. (Doc. 10-1 at ¶ 3; Doc. 16 at ¶ 4.) The Plaintiffs state this Court may maintain personal jurisdiction over WTPA because it is a business entity operating in the State of Montana whose acts and omissions resulted in the accrual of tort actions in Montana. (Doc. 16 at ¶ 7.) Plaintiffs generally allege that WTPA worked in concert with another defendant, Watchtower Bible and Tract Society of New York, Inc. ("WTNY"), to prohibit leadership of a Jehovah's Witnesses congregation in Hardin, Montana, from reporting known incidents of child sexual abuse to law enforcement—sexual abuse allegedly committed by the congregation's members and leadership—throughout the 70s, 80s, and early 90s. (*Id.* at ¶¶ 16–71.) Plaintiffs allege negligence for the manner WTPA and WTNY implemented policies and responded to incidents of child sexual abuse. (*Id.* at ¶¶ 72–82.)

WTPA argues the Court lacks personal jurisdiction over it. (Doc. 10.) With its brief in support of its motion to dismiss, WTPA filed an affidavit of Philip Brumley, WTPA's general counsel. (Doc. 10-1.) Among other things, the affidavit states WTPA "does not conduct business in Montana," "has no contact with congregations of Jehovah's Witnesses located in Montana," "does not establish or disseminate policy or procedure to congregations of Jehovah's Witnesses in

2

Montana," and "does not appoint or remove elders, ministerial servants or publishers in congregations of Jehovah's Witnesses in Montana." (Doc. 10-1 at ¶¶ 8–12.) Brumley states WTPA exists "to provide certain business needs of Jehovah's Witnesses including, among other things, holding copyright to books, magazines, songs, and videos." (*Id.* at ¶ 12.) He states it also exists to provide "international humanitarian aid to communities after natural disasters." (*Id.*)

Plaintiffs dispute Brumley's assertions with exhibits filed alongside their response brief. (Doc. 15.) One such exhibit is a 1970 letter from a former WTPA President that appears to dismiss a member of a Jehovah's Witnesses congregation. (Doc. 15-3.) Though the letter does not appear to refer to any action taken in Montana, it seems to call into question whether WTPA plays a supervisory role (or once did so) with local Jehovah's Witnesses congregations. Another exhibit is a 2002 letter from WTPA to BBC Panorama detailing how local congregations should handle child sexual abuse their members commit. (Doc. 15-4.) The letter provides a lengthy explanation for the church's policy regarding child sexual abuse and refers to "[o]ur procedures" and "[o]ur policy," which indicates WTPA may promulgate (or may have once promulgated) policies for handling such abuse. (*Id.* at 3.)

Plaintiffs also attached several exhibits in a motion to supplement their response brief, which they state they discovered only after WTPA filed its reply. (Doc. 20 at 2.) Though WTPA objects to the Court considering the additional

3

exhibits, (Doc. 23), the documents further illustrate why discovery is necessary.[1] There are four letters from WTPA spanning 1987 to 1997 advising local entities on various procedures, including handing child sexual abuse perpetrated by church members. (Doc. 20-1; Doc. 20-2; Doc. 20-3; Doc. 20-4.) WTPA addressed some of the letters to "All Bodies of Elders," which could include the congregation in Hardin, Montana. However, the Court lacks sufficient information to determine whether that is true and whether the letters are relevant to the personal jurisdiction inquiry. The last exhibit is a sworn court document from WTPA's attorney in 1999 describing WTPA as "the corporate agency directing the administrative and religious work of Jehovah's Witnesses worldwide." (Doc. 20-5 at 3.) Certainly, this indicates WTPA may have a greater role in church governance than Brumely asserts.

Together, these exhibits and Brumley's affidavits show WTPA's role in the events at issue is unclear. While Brumely's assertions may be true at present, Plaintiff's exhibits show WTPA may have played a greater role in the church's governance in the past—which could include the congregation in Hardin, Montana. Regardless, pertinent facts bearing on the question of jurisdiction are controverted, and a more satisfactory showing of the facts is necessary for the Court to resolve it. *See Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008).

---

[1] Furthermore, the Court grants Plaintiffs' motion to supplement. The Court is allowing for jurisdictional discovery, so there is no reason to bar the exhibits as untimely.

Lastly, in order to avoid placing an undue burden on WTPA in the event this Court lacks jurisdiction over it, jurisdictional discovery must take priority and the question of jurisdiction must be resolved before any case against WTPA may proceed. The parties must therefore propose discovery plans in two phases: the first will allow for jurisdictional discovery and give the parties an opportunity to file supplemental briefing at the close of discovery; the second will allow for general discovery after the Court issues an order on its jurisdiction over WTPA. At this time, the parties need only provide a discovery plan for the first phase.

Accordingly, **IT IS HEREBY ORDERED:**

1. The preliminary pretrial conference order dated August 10, 2020, (Doc. 22), is **VACATED**.

2. The Court **RESERVES** ruling on WTPA's motion to dismiss (Doc. 9) until the completion of jurisdictional discovery and supplemental briefing.

3. Plaintiffs' Motion to Supplement Record (Doc. 19) is **GRANTED**.

4. Pursuant to Fed. R. Civ. P. 16(a), lead trial counsel for the respective parties shall appear through **conference call on Thursday, October 8, 2020, at 9:30 a.m.** for the purpose of participating in the preliminary pretrial conference. The conference is intended to develop a case-specific plan for jurisdictional discovery and a schedule for disposition of WTPA's motion to dismiss in both this case,

(Doc. 9), and CV 29-52-SPW (Doc. 13). The management plan resulting from the preliminary pretrial conference <u>is not subject to revision</u> absent compelling reasons.

5.  The conference will be conducted in accordance with Fed. R. Civ. P. 16 and 26(f) and Local Rules 16.1, 16.2, and 26.1. Counsel shall appear telephonically by following these steps:

  A.  Dial: 1-877-336-1828
  B.  Enter access code: 5803070#
  C.  Press: #
  D.  Speak your name at the tone

If a party cannot attend the conference at the time set, application for an extension must be made by motion. This motion must state whether the opposing party or parties object. The motion must be accompanied with a proposed date that works for all parties.

6.  Any party may commence discovery immediately upon providing the Rule 26(a)(1) Initial Disclosures to all opposing parties. Fed. R. Civ. P. 26(d).

7.  By **September 10, 2020,** lead counsel must confer to consider matters listed in Fed. R. Civ. P. 26(f).

8.  By **September 24, 2020,** the parties shall jointly file with the Court a written report outlining the discovery plan formulated at the conference. The parties should propose a date certain for the close of jurisdictional discovery. The Court will set supplementary briefing deadlines at the preliminary pretrial conference. The Plaintiffs, who now bear the burden of establishing personal jurisdiction, shall first

6

file a supplemental response, to which WTPA may file a supplemental reply within 14 days.

The parties should also bear in mind that, as the case develops, they may agree among themselves to extend discovery. Fed. R. Civ. P. 29. However, <u>the discovery deadline set by the Court will not be continued</u>, nor will the Court entertain discovery motions based on post-deadline occurrences.

9. By **October 1, 2020**, the parties must file a preliminary pretrial statement that complies with Local Rule 16.2(b)(1).

10. By **October 1, 2020,** Plaintiffs must file a statement of stipulated facts that complies with Local Rule 16.2(b)(3) and email it to the Court using the email address spw_propord@mtd.uscourts.gov.

DATED this 14th day of August 2020.

SUSAN P. WATTERS
United States District Judge