Robert L. Stepans
Ryan R. Shaffer
James C. Murnion
Meyer, Shaffer & Stepans, PLLP
430 Ryman Street
Missoula, MT  59802
Tel: (406) 543-6929
Fax: (406) 721-1799
rob@mss-lawfirm.com
ryan@mss-lawfirm.com
james@mss-lawfirm.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| ARIANE ROWLAND, and JAMIE SCHULZE )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>WATCHTOWER BIBLE AND TRACT )<br>SOCIETY OF NEW YORK, INC., and )<br>WATCH TOWER BIBLE AND TRACT )<br>SOCIETY OF PENNSYLVANIA, )<br>)<br>Defendants. )<br>) | Cause No. CV 20-59-BLG-SPW<br><br>**PLAINTIFFS' PRELIMINARY PRETRIAL STATEMENT** |

COMES NOW the Plaintiffs, by and through its counsel of record, pursuant to the Order of this Court dated August 18, 2020 and L.R. 16.2(b)(1), and respectfully submits the following Preliminary Pretrial Statement.

///

A. **BRIEF FACTUAL OUTLINE OF PLAINTIFF'S CASE**

This case revolves around the serial sexual of abuse of Plaintiffs when they were children in the 1970s and 80s. The abuse was committed by several officials and members of the Jehovah Witnesses' local congregation in Hardin, Montana ("Hardin Congregation"). Elders of the Hardin Congregation became aware of the abuse but concealed the abuse instead of alerting Montana authorities as required by law. The elders did this at the direction of the Jehovah Witnesses' national organizations, Defendant Watch Tower Bible and Tract Society of Pennsylvania ("WTPA") and Defendant Watchtower Bible and Tract Society of New York ("WTNY"), who directed the Hardin Congregation to actively protect the pedophiles and the church from anyone trying to enforce or abide by Montana law. As a result, the known and preventable sex abuse of Plaintiffs was allowed to continue unhindered for years, causing Plaintiffs severe, permanent, and ongoing damages.

B. **BASIS FOR JURISDICTION AND VENUE**

This Court has original subject matter jurisdiction under 28 U.S.C. § 1332, based on diversity of citizenship. The parties are citizens of different states (and countries) and the amount in controversy exceeds $75,000.00, exclusive of fees and costs. Plaintiff Ariane Rowland is a citizen of the State of Montana. Plaintiff Jamie Schulze is a citizen of New Mexico. WTPA is a citizen of the State of

*Rowland and Schulze v. Watchtower Bible Tract of New York, Inc., et. al.*
2

Pennsylvania and New York because it is incorporated under the laws of Pennsylvania with its principal place of business in New York.  WTNY is a citizen of the State of New York because it is incorporated under the laws of New York with its principal place of business in New York.

Personal jurisdiction exists over Defendants because Plaintiffs' claims arise from acts Defendants committed within Montana and Defendants' presence in and contacts with the State of Montana and this judicial district are sufficient to support an exercise of jurisdiction that comports with traditional notions of fair play and substantial justice.  M. R. Civ. P. 4(b)(1)(B).

Venue is proper in the Court's Billings' Division.  28 U.S.C. § 1391(b)(2); L.R. 3.2(b); Mont. Code Ann. § 25-2-122(2)(a), (3)(a).

## C. FACTUAL BASIS OF PLAINTIFF'S CLAIMS

The factual basis for Plaintiffs' claims is set forth in detail in their First Amended Complaint.  Doc. 16.  Rather than cut and paste the allegations here, the Court and Defendants are respectfully referred to paragraphs 9 through 71.

## D. LEGAL THEORY UNDERLYING PLAINTIFF'S CLAIMS

1. <u>Negligence: against all Defenants</u>.  Defendants each owed Plaintiffs the duty to act the care that a reasonable person would exercise.  Without limitation, WTPA and WTNY breached such duty by: implementing policies that protected pedophiles and directed local congregations to not report child sex abuse

to authorities; failing to take reasonable steps to prevent known and unknown sexual predators from sexually abusing children in the Hardin Congregation; publishing material and directives that protected sexual predators within the Hardin Congregation and failed to protect victims of sexual abuse committed by agents and representatives of WTPA and WTNY; failing to report known sexual abuse committed by agents and representatives of WTPA and WTNY; ignoring mandatory reporting laws and keeping known child sex abuse secret; failing to train its employees and agents to prevent, identify, investigate, respond to, or report to the proper authorities the sexual abuse of children; failing to properly and thoroughly investigate, respond to, and report the sexual abuse of Plaintiffs; employing, promoting, and allowing Martin Svensen to continue to act as Senior Elder despite being a known child abuser; and fostering an environment where sexual predators like Mapley Sr. and Haines could abuse children, including the Plaintiffs, without consequence.

    2.    <u>Negligence per se: against all Defendants</u>.  Defendants violated Montana's mandatory reporting statute as it existed at all times relevant to this case, including all years before 1979, by not reporting the sexual abuse of Plaintiffs as required by the mandatory reporting statute. R.C.M. 10-1304 Montana's mandatory reporting statute in effect at the time that Defendants became aware of such abuse was enacted to protect a specific class of people: children who are

victims of abuse or neglect. Plaintiffs were member of such class. Plaintiffs' injuries are the sort that the statute was enacted to prevent. The statute was intended to regulate members of Defendants' class. As a direct and proximate cause of Defendants' violation of the statute, Plaintiffs have suffered severe, permanent, and ongoing damages. *Maier v. Wilson*, 409 P.3d 878, 883 (Mont. 2017) (setting forth the elements of negligence per se).

### E. COMPUTATION OF DAMAGES

Due to the severe, pervasive, and potentially life-long damages caused by childhood sexual abuse generally, and the fact Plaintiffs have lived for 40 years since the abuse, their recoverable damages are myriad, and Plaintiffs will have to rely on multiple experts to ultimately compute their damages. As such, no reasonable computation is presently possible.

### F. RELATED LITIGATION

There are no related directly state or federal lawsuits. Cause No. CV 20-52-BLG-SPW, currently pending before this Court, involves similar claims against WTPA and WTNY for abuse those plaintiffs suffered at the hands of Hardin Congregation members.

/ / /

/ / /

/ / /

## G.   PROPOSED ADDITIONAL STIPULATIONS OF FACT AND LAW

<u>Additional Proposed Stipulations of Fact</u>.

None at this time.  Plaintiffs expect to offer proposed stipulated facts at the completion of discovery.

<u>Plaintiff's Understanding of Applicable Law</u>.

Because jurisdiction is based on diversity of citizenship, the Court shall look to the forum state's choice-of-law rules to apply the substantive law of Montana. *Sarver v. Chartier*, 813 F.3d 891, 897 (9th Cir. 2016) ("Typically, 'a federal court sitting in diversity applies the conflict-of-law rules of the state in which it sits.'"); *Phillips v. Gen. Motors Corp.*, 995 P.2d 1002, 1007 (Mont. 2000) (adopting the most significant relationship test found in the Restatement (Second) of Conflict of Laws);  Restatement (Second) of Conflict of Laws § 145 (1971) (to determine the state with the most significant relationship to the action, courts look at (a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered.)  Here, Montana clearly has the most significant relationship to this action because the sexual abuse and subsequent concealment of the same occurred in Montana.

/ / /

**H.     PROPOSED DEADLINES FOR JOINDER OF PARTIES OR AMENDMENT OF THE PLEADINGS**

Plaintiff proposes that the deadline for Joinder of Parties and Amendments to the Pleadings coincide with the fact discovery deadline to be set by the Court.

**I.     IDENTIFICATION OF CONTROLLING ISSUES OF LAW SUITABLE FOR PRETRIAL DISPOSITION**

Plaintiff believes that the following issue may be suitable for pretrial determination: Montana law applies in this case; and WTPA is subject to personal jurisdiction in Montana and this Court.

**J.     INDIVIDUALS WITH INFORMATION THAT MAY BE USED IN PROVING OR DENYING ANY PARTY'S CLAIMS OR DEFENSES**

<u>Ariane Rowland</u> (Plaintiff)
c/o Meyer Shaffer & Stepans
Missoula, MT

Plaintiff Ariane Rowland is expected to have knowledge of the sexual abuse giving rise to her claims, the concealment of such abuse, and the damages she suffered as a result.

<u>Jamie Schulze</u> (Plaintiff)
c/o Meyer Shaffer & Stepans
Missoula, MT

Plaintiff Jamie Schulze is expected to have knowledge of the sexual abuse giving rise to her claims, the concealment of such abuse, and the damages she suffered as a result.

///

///

<u>WTPA</u> (Defendant)
c/o Brown Law Firm
Billings, MT

Defendant WTPA is expected to have knowledge of the sexual abuse giving rise to Plaintiffs' claims, the concealment of such abuse, WTPA's role in directing the Hardin Congregation to conceal known sexual abuse and to not report the same to authorities, and WTPA's role in enlisting, promoting, and retaining known pedophiles at the Hardin Congregation.

<u>WTNY</u> (Defendant)
c/o Brown Law Firm
Billings, MT

Defendant WTNY is expected to have knowledge of the sexual abuse giving rise to Plaintiffs' claims, the concealment of such abuse, WTNY's role in directing the Hardin Congregation to conceal known sexual abuse and to not report the same to authorities, and WTNY's role in enlisting, promoting, and retaining known pedophiles at the Hardin Congregation.


Plaintiffs respectfully reserve their right to supplement this preliminary witness list, and fully expect to do so.

### K.  INSURANCE AGREEMENTS THAT MAY COVER ANY RESULTING JUDGMENT

Plaintiff is currently unaware of any insurance agreement that may apply.

### L.  SETTLEMENT DISCUSSIONS AND PROSPECTS FOR SETTLEMENT

The parties have not discussed settlement in detail.  Plaintiff believes the prospects for compromise in this matter to be low before discovery is completed.

///

///

## M. SUITABILITY OF SPECIAL PROCEDURES

Plaintiff does not foresee the need for any special procedures or placement on an expedited trial docket.

DATED this 1st day of October, 2020.

By: /s/ Ryan Shaffer
Robert L. Stepans
Ryan R. Shaffer
James C. Murnion
MEYER, SHAFFER & STEPANS PLLP
*Attorneys for Plaintiff*
