# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### GREAT FALLS DIVISION

| | |
|---|---|
| ARIANE ROWLAND and JAMIE SCHULZE,<br><br>**Plaintiffs,**<br><br>vs.<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCHTOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, INC., and BRUCE MAPLEY, SR.,<br><br>**Defendants, and** | CV 20-59-SPW<br><br>**ORDER RE SCOPE OF JURISDICTIONAL DISCOVERY** |

Before the Court is Defendant Watchtower Bible and Tract Society of Pennsylvania, Inc.'s ("WTPA") argument, presented in the party's preliminary pretrial statement, that this Court should restrict the scope of Plaintiffs' jurisdictional discovery. (Doc. 30 at 10). WTPA asserts that Plaintiffs should be prevented from conducting a "fishing expedition" by seeking discovery related to the parent-subsidiary relationship between WTPA and Defendant Watchtower Bible and Tract Society of New York, Inc. ("WTNY") when WTPA has already presented evidence

1

allegedly demonstrating that WTNY is not the alter ego of WTPA. For the following reasons, the Court finds WTPA's argument unpersuasive and shall allow Plaintiffs to seek discovery related to the corporate relationship between WTPA and WTNY from the years 1973 to 1992.

A district court's decision to permit jurisdictional discovery is a matter of discretion. *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). "Discovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Id.* (quoting *Data Disc, Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 n. 1 (9th Cir. 1977)).

For purposes of establishing personal jurisdiction, the existence of a parent-subsidiary relationship alone is generally insufficient to warrant imputing one entity's forum contacts to another entity. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1070 (9th Cir. 2015). However, where Plaintiffs can show that the subsidiary entity is the alter ego of the parent entity, the general rule is set aside. *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1134 (9th Cir. 2003). An alter ego relationship is present when (1) "there is such unity of interest and ownership that the separate personalities [of the two entities] no longer exist and (2) that failure to disregard [their separate identities] would result in fraud or injustice." *Id.* (quoting *Doe, I v. Unocal Corp.*, 248 F.3d 915, 926 (9th Cir. 2001)). The relationship is

typically found through evidence that the parent entity controls or directs the subsidiary's "internal affairs or daily operations." *Ranza*, 793 F.3d at 1071 (quoting *Doe*, 248 F.3d at 926).

WTPA argues that they have already submitted an affidavit from their in-house counsel, Mr. Brumley, stating that WTPA is not the direct or indirect parent of WTNY. Any further discovery on this matter is therefore unnecessary and would result in an unwarranted fishing expedition at the expense of WTPA. WTPA also argues that to the extent Plaintiffs argue a single enterprise theory applies to the case, the Ninth Circuit has rejected such a legal theory as a basis for personal jurisdiction. *See Pitt v. Metropolitan Tower Life Ins. Co.*, 2020 WL 1557429, *4 (N.D. Cal. 2020).

Plaintiffs do not appear to reject WTPA's concerns about pleading a cause of action under a single enterprise theory of liability. Instead, Plaintiffs respond they have adequately plead an alter ego liability theory and while Mr. Brumley's information about WTPA may be accurate now, the affidavit states nothing about WTPA's relationship to WTNY during the relevant time period from 1973 to 1992. Plaintiffs have also submitted material published by WTPA (including a branch organization manual, a ministry school course, a watchtower magazine, and a letter sent from the Jehovah's Witnesses' United States Branch Executive Office to a branch office in Australia) that suggest WTPA played a greater role in governing the

daily operations of Jehovah's Witnesses' corporate organizations, such as WTNY, during the relevant time period. Taken together, this evidence, and the lack of information about WTPA's corporate role from the 1970s through the 1990s in Mr. Brumley's affidavit, leave open the question of whether WTNY was an alter ego of WTPA in the past. Plaintiffs argue further discovery would shed light on the relationship between the two entities and it would be improper to restrict discovery at this stage of litigation.

The Court is persuaded that Plaintiffs have presented sufficient evidence demonstrating WTPA may have played a more significant role in directing the administrative work of WTNY and Jehovah's Witnesses generally in the 1970s through the 1990s. The Jehovah's Witnesses' Branch Organization manual, published by WTPA in 1977, goes so far as to state: "The Watch Tower Bible and Tract Society of Pennsylvania is the parent corporate agency of Jehovah's Witnesses. It works with subsidiary legal agencies such as the Watchtower Bible and Tract Society of New York . . . ." (Doc. 36-1 at 1-4). Mr. Brumley's affidavit does nothing to contradict these documents. Instead. Mr. Brumley's affidavit describes the corporate structure of WTPA in almost exclusively present tense terms. (e.g. "WTPA is not the direct or indirect parent or subsidiary of any other corporation involved in this action . . . WTPA has its own assets, liabilities, offices, board of directors, and officers, separate from every other entity used by Jehovah's

Witnesses." (Doc.10-1 at 2)). The affidavit says nothing of WTPA's past corporate

structure or relationship with other subsidiaries such as WTNY. The Court finds that

questions remain regarding this past corporate relationship which require a more

satisfactory factual showing to resolve. Discovery regarding WTPA's corporate

relationship with WTNY from 1973 to 1992 is therefore appropriate.


Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs shall be permitted

to conduct discovery into WTPA's and WTNY's corporate relationship from 1973

to 1992. Defendant WTPA's argument to restrict the scope of discovery (Doc. 30 at

10) is **DENIED**.

DATED this _30th_ day of November 2020.

SUSAN P. WATTERS
United States District Judge