# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| ARIANE ROWLAND, and JAMIE SCHULZE,<br><br>Plaintiffs,<br><br>vs.<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR.,<br><br>Defendants. | Cause No. CV 20-59-BLG-SPW<br><br>**ORDER RE MOTION TO COMPEL HARDIN CONGREGATION'S SUBPOENA** |

This matter comes before the Court on Plaintiffs Ariane Rowland and Jamie Schulze's Motion to Compel Re: Hardin Congregation of Jehovah's Witnesses ("Hardin Congregation") Subpoena, filed April 21, 2021. (Doc. 48). The Court stayed the motion pending an *in camera* review of twelve documents withheld by the Hardin Congregation through the asserted clergy-penitent privilege. (Doc. 69 at 21). Having reviewed the submitted documents, the Court grants Plaintiffs' motion

- 1 -

with respect to Documents 1, 2, 4, 7, 11, and 12. The Court denies Plaintiffs' motion with respect to Documents 5, 6, and 10.

## I. DISCUSSION

Montana Code Annotated § 26-1-804 states, "[a] member of the clergy or priest may not, without the consent of the person making the confession, be examined as to any confession made to the individual in the individual's professional character in the course of discipline enjoined by the church to which the individual belongs." The Court previously examined the breadth of Montana's clergy-penitent privilege in detail in its prior order. (Doc. 69 at 13-21). Based on that analysis, the Court recognized that the privilege, though broadly applicable to both confessional and non-penitential utterances, must be narrowly construed to those statements "made in confidence and for the purpose of seeking or receiving religious guidance, admonishment, or advice" from a member of a clergy or church officiant acting in their official capacity. *State v. MacKinnon*, 957 P.2d 23, 27-28 (Mont. 1998). The Court shall apply that privilege to each document below.

### A. Document 1

Document 1 consists of internal notes drafted in 1996 by Hardin Congregation elders reflecting their investigation into Ariane Rowland's use of tobacco. The Hardin Congregation argues the document should be withheld as a confidential and privileged document under the clergy-penitent privilege.

The Court finds no basis for asserting the clergy-penitent privilege in the document. The record contains nothing more than notes on the elders' actions to attempt to discuss the use of tobacco with Ariane Rowland and that they were unsuccessful in discussing the matter with her. The document contains no statements, confessional or otherwise, seeking religious guidance or admonishment from a member of the church acting in their official capacity. Therefore, the clergy-penitent privilege does not apply, and the document must be produced.

### B. Document 2

Document 2 also consists of internal notes created by Hardin Congregation elders describing a meeting several elders had with Ariane Rowland, Jamie Schulze, and others at the Rowland home in 1997. During the conversation, Ariane and Jamie made several allegations and discussed that they were experiencing repressed memories of the events. The Hardin Congregation argues that the document is confidential and privileged under the clergy-penitent privilege and portions of the document contain information obtained from sources other than Ariane and Jamie and must be redacted.

The Court finds that the clergy-penitent privilege applies to Document 2. The notes contain information elders gained from Ariane, Jamie, and other individuals. The information was provided to the elders when the elders visited the home of these individuals. It is apparent that the statements were made in a confidential and

confessional manner for the purpose of seeking guidance. Therefore, the clergy-penitent privilege applies. However, much of the information in the document comes from statements made by the Plaintiffs themselves. Montana Code Annotated § 26-1-804 states that the individual who made the penitent statement may consent to waive that privilege. Therefore, the Hardin Congregation does not have the power to withhold documents containing the Plaintiffs' own statements should those individuals wish to waive that privilege. The document must be produced for Plaintiffs to review and determine if they wish to make such a waiver.

The document also contains information gained from individuals not named as plaintiffs in this matter. This includes statements made to elders by an individual named Altheia and an individual named Gunnar. The Court finds that those statements are privileged and that the document may be redacted to remove only those statements clearly made by Altheia and Gunnar and not attributable to either Ariane or Jamie.

### C. Document 4

Document 4 is a letter drafted by a congregant in 1997 and sent to the elders of the Hardin Congregation. The Hardin Congregation asserts that the letter seeks religious guidance or advice and is therefore privileged. The Court disagrees.

The letter does not contain any questions or statements seeking advice or religious guidance. The letter does not appear to have been written in response to a

plea for information from the Hardin Congregation elders. Instead, it appears that the congregant submitted the letter to provide her impressions of events that occurred in the local community in the 1980s and 1990s including events surrounding Ariane Rowland and Jamie Schulze. The author makes no confession as to any of her personal actions. The author asks no questions of the elders or makes any attempt to seek religious guidance. Therefore, the Court finds that the clergy-penitent privilege does not apply and that the document must be produced.

### D. Document 5

Document 5 consists of notes drafted by Hardin Congregation elders following a meeting with a congregant member. The notes contain information learned from the congregant member including confessions the member made to the elder. The Hardin Congregation asserts the document is privileged. The Court agrees. The statements made to the elder were made in a confidential manner to seek religious guidance or advice. Therefore, the document is privileged under the clergy-penitent privilege.

### E. Document 6

Document 6 is a letter drafted by the Hardin Congregation elders in 1997 and sent to elders at Watchtower Bible & Tract Society of New York. The letter responds to a request for information from Watchtower that the organization appears to have sent to all bodies of elders. The Hardin Congregation argues that the letter is

privileged under Montana's clergy-penitent privilege because the document was confidential, contains the names and accusations of individuals not involved in the current litigation, and because the letter sought religious guidance, admonishment, or advice.

Having reviewed the letter, the Court is not convinced that the communication was intended to seek religious guidance, admonishment, or advice. There is no plea for guidance or questions of a religious nature. It instead responds to a call for information from Watchtower and provides the requested background information on members of the congregation. However, the Hardin Congregation explains in the letter that they learned this information from the confession of the individual named in the correspondence.

Information relayed in a confession from an individual to a church official acting in their official capacity is privileged under the clergy-penitent privilege so long as the communication was made in a confidential manner. *MacKinnon*, 957 P.2d at 27-28. Although the elders who received the confession then repeated the information to members of the Watchtower New York organization, the Montana Supreme Court has found that this kind of internal dissemination of information does not dispel confidentiality within the Jehovah's Witnesses' faith. *Nunez v. Watchtower Bible and Tract Society of New York, Inc.*, 455 P.3d 829, 835 (Mont. 2020) ("[w]e conclude that the undisputed material facts demonstrate the Jehovah's

Witnesses maintain confidentiality pursuant to church doctrine, canon, and/or established practice when they receive and internally address reports of child sexual abuse."). Therefore, because Document 6 was intended to be a confidential communication that also contains a confession made to a congregation elder acting in his official capacity, Document 6 is privileged under Montana's clergy-penitent privilege and need not be produced.

### F. Document 7

Document 7 is a letter written from a former elder and sent to Hardin Congregation elders in 2010. The letter is a response to the Hardin Congregation's request for information on the former elder's recollection of a meeting he had with Ariane and Jamie between 1995 and 1998. The Hardin Congregation argues that the letter is privileged because it seeks religious guidance or advice.

The Court finds that the letter is not privileged. The document describes the former elder's encounter with Ariane Rowland and Jamie Schulze where they described allegations of sexual abuse. The letter details the author's memory of the statements and the events but makes no plea for guidance or religious advice. The author offers his own opinions on the subject but nothing that would be described as confessional in nature. Instead, the letter appears to be entirely secular in nature and represents nothing more than a former elder responding to a request for information.

The clergy-penitent privilege does not apply to that situation and the letter must be produced.

### G. Document 10

Document 10 is a letter drafted by Hardin Congregation elders and sent to elders at the Christian Congregation of Jehovah's Witnesses in New York City in 2012. The Hardin Congregation asserts that the letter is privileged. The Court agrees.

The letter appears to be a follow-up correspondence following a telephone conversation between the two bodies of elders. In the document, the Hardin Congregation elders express concern over members of their local congregation and expressly request advice from the Christian Congregation elders on how to proceed with their concerns. The letter concerns religious practice and seeks religious guidance. As such, the clergy-penitent privilege applies.

### H. Document 11

Document 11 is a letter very similar to Document 4, in which a congregant member writes to Hardin Congregation elders to describe past events in the 1980s and 1990s. The letter is undated. The Hardin Congregation asserts that the document is privileged because it seeks religious guidance, admonishment, or advice.

Like Document 4, the Court fails to find any statements or evidence of the author's intent to seek religious guidance or make confessional admissions. The letter describes the author's memory of events occurring in the local community and

her personal opinion on those events. The document appears to be something akin to a character reference letter. The author describes her opinion on different individuals and her dismay that they have left the church. However, the letter reads entirely secular in nature and provides nothing more than the author's opinion on how the events unfolded in the 1980s and 1990s. The letter is therefore not privileged under the clergy-penitent privilege and must be produced.

### *I. Document 12*

Document 12 is a letter written by a congregant to the Hardin Congregation. The Hardin Congregation asserts that the letter falls under Montana's clergy-penitent privilege because it seeks religious guidance or advice and because it contains the names and accusations of individuals not involved in the current litigation.

After reviewing the letter, the Court finds it does not request religious guidance or advice. The letter instead seems to convey the congregant's frustration with the Hardin Congregation's handling of a child sexual abuse investigation. Therefore, because the letter was drafted for a secular purpose and not to seek religious guidance, the clergy-penitent privilege does not apply. The Hardin Congregation must produce Document 12 in discovery. *See MacKinnon*, 957 P.2d at 27-28.

### II. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs Ariane Rowland and Jamie Schulze's Motion to Compel re the Hardin Congregation Subpoena (Doc. 48) is **DENIED** with respect to Documents 5, 6, and 10 and **GRANTED** with respect to Documents 1, 2, 4, 7, 11 and 12.

The Clerk of Court is directed to notify counsel of the entry of this Order.

DATED this 20th day of September, 2021.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge