Gerry P. Fagan
Christopher T. Sweeney
Jordan W. FitzGerald
MOULTON BELLINGHAM PC
27 North 27th Street, Suite 1900
P.O. Box 2559
Billings, Montana 59103-2559
Telephone: (406) 248-7731
Fax: (406) 248-7889
Gerry.Fagan@moultonbellingham.com
Christopher.Sweeney@moultonbellingham.com
Jordan.FitzGerald@moultonbellingham.com

*Attorneys for Defendant Watch Tower Bible and Tract Society of Pennsylvania*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ARIANE ROWLAND and JAMIE SCHULZE,<br><br>Plaintiffs,<br><br>-vs-<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., and WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA,<br><br>Defendants. | Case No. CV-20-00059-SPW-TJC<br><br>**DEFENDANT WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA'S ANSWER TO SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

**COMES NOW** Defendant Watch Tower Bible and Tract Society of Pennsylvania ("WTPA"), by and through its attorneys, and answers Plaintiffs' Second Amended Complaint and Jury Demand as follows:

## I. PARTIES, JURISDICTION AND VENUE

1. WTPA lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 1 and, therefore, the same are denied.

2. WTPA lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 2 and, therefore, the same are denied.

3. The allegations of paragraph 3 do not appear to be directed to this answering Defendant. In the event paragraph 3 is deemed to include allegations against WTPA to which a response is required, the same are denied.

4. WTPA admits that it is a Pennsylvania corporation and that it has its principal place of business in New York. WTPA denies the remaining allegations of paragraph 4.

5. WTPA lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 5 and, therefore, the same are denied.

6. The allegations contained in paragraph 6 are conclusions of law, which do not require an affirmative response. To the extent that any response is required, WTPA denies the same.

7. The allegations contained in paragraph 7 are conclusions of law, which do not require an affirmative response. To the extent that any response is required, WTPA denies the same.

8. The allegations contained in paragraph 8 are conclusions of law, which do not require an affirmative response. To the extent that any response is required, WTPA denies the same.

## II.    FACTS COMMON TO ALL CLAIMS

9. The allegations of paragraph 9 do not appear to be directed to this answering Defendant. In the event paragraph 9 is deemed to include allegations against WTPA to which a response is required, the same are denied. WTPA affirmatively asserts that it has no understanding of term "Jehovah's Witness Church".

10. The allegations of paragraph 10 do not appear to be directed to this answering Defendant. In the event paragraph 10 is deemed to include allegations against WTPA to which a response is required, the same are denied.

11. The allegations of paragraph 11 do not appear to be directed to this answering Defendant. In the event paragraph 11 is deemed to include allegations against WTPA to which a response is required, the same are denied.

12. The allegations of paragraph 12 do not appear to be directed to this answering Defendant. In the event paragraph 12 is deemed to include allegations against WTPA, the same are denied.

13. The allegations of paragraph 13 do not appear to be directed to this answering Defendant. In the event paragraph 13 is deemed to include allegations against WTPA to which a response is required, the same are denied.

14. WTPA denies the allegations of paragraph 14.

15. WTPA denies the allegations of paragraph 15, as it simply holds copyright to various publications of the religion known as Jehovah's Witnesses. WTPA affirmatively asserts that it neither authors the substantive content nor prints hard copies of its copyrighted publications.

16. WTPA denies the allegations of paragraph 16.

17. WTPA denies the allegations of paragraph 17.

18. WTPA denies the allegations of paragraph 18.

19. WTPA denies the allegations of paragraph 19 and affirmatively asserts it has no understanding of the term "Watchtower Protocols".

20. The allegations of paragraph 20 do not appear to be directed to this answering Defendant. In the event paragraph 20 is deemed to include allegations against WTPA to which a response is required, the same are denied.

21. The allegations of paragraph 21 do not appear to be directed to this answering Defendant. In the event paragraph 21 is deemed to include allegations against WTPA to which a response is required, the same are denied.

22. The allegations of paragraph 22 do not appear to be directed to this answering Defendant. In the event paragraph 22 is deemed to include allegations against WTPA to which a response is required, the same are denied.

23. The allegations of paragraph 23 do not appear to be directed to this answering Defendant. In the event paragraph 23 is deemed to include allegations against WTPA to which a response is required, the same are denied.

24. The allegations of paragraph 24 do not appear to be directed to this answering Defendant. In the event paragraph 24 is deemed to include allegations against WTPA to which a response is required, the same are denied.

25. WTPA denies the allegations of paragraph 25 and affirmatively asserts it has no understanding of the term "Watchtower Protocols".

26. WTPA denies the allegations of paragraph 26 and affirmatively asserts it has no understanding of the term "Watchtower Protocols".

27. The allegations of paragraph 27 do not appear to be directed to this answering Defendant. In the event paragraph 27 is deemed to include allegations against WTPA to which a response is required, the same are denied.

28. The allegations of paragraph 28 do not appear to be directed to this answering Defendant. In the event paragraph 28 is deemed to include allegations against WTPA to which a response is required, the same are denied.

29. The allegations of paragraph 29 do not appear to be directed to this answering Defendant. In the event paragraph 29 is deemed to include allegations against WTPA to which a response is required, the same are denied.

30. WTPA denies the allegations of paragraph 30.

31. Upon information and belief, WTPA admits the allegations of paragraph 31.

32. The allegations of paragraph 32 do not appear to be directed to this answering Defendant. In the event paragraph 32 is deemed to include allegations against WTPA to which a response is required, the same are denied.

33. The allegations of paragraph 33 do not appear to be directed to this answering Defendant. In the event paragraph 33 is deemed to include allegations against WTPA to which a response is required, the same are denied.

34. The allegations of paragraph 34 do not appear to be directed to this answering Defendant. In the event paragraph 34 is deemed to include allegations against WTPA to which a response is required, the same are denied.

35. The allegations of paragraph 35 do not appear to be directed to this answering Defendant. In the event paragraph 35 is deemed to include allegations against WTPA to which a response is required, the same are denied.

36. The allegations of paragraph 36 do not appear to be directed to this answering Defendant. In the event paragraph 36 is deemed to include allegations against WTPA to which a response is required, the same are denied.

37. The allegations of paragraph 37 do not appear to be directed to this answering Defendant. In the event paragraph 37 is deemed to include allegations against WTPA to which a response is required, the same are denied.

38. The allegations of paragraph 38 do not appear to be directed to this answering Defendant. In the event paragraph 38 is deemed to include allegations against WTPA to which a response is required, the same are denied.

39. The allegations of paragraph 39 do not appear to be directed to this answering Defendant. In the event paragraph 39 is deemed to include allegations against WTPA to which a response is required, the same are denied.

40. The allegations of paragraph 40 do not appear to be directed to this answering Defendant. In the event paragraph 40 is deemed to include allegations against WTPA to which a response is required, the same are denied.

41. The allegations of paragraph 41 do not appear to be directed to this answering Defendant. In the event paragraph 41 is deemed to include allegations against WTPA to which a response is required, the same are denied.

42. The allegations of paragraph 42 do not appear to be directed to this answering Defendant. In the event paragraph 42 is deemed to include allegations against WTPA to which a response is required, the same are denied.

43. The allegations of paragraph 43 do not appear to be directed to this answering Defendant. In the event paragraph 43 is deemed to include allegations against WTPA to which a response is required, the same are denied.

44. The allegations of paragraph 44 do not appear to be directed to this answering Defendant. In the event paragraph 44 is deemed to include allegations against WTPA to which a response is required, the same are denied.

45. The allegations of paragraph 45 do not appear to be directed to this answering Defendant. In the event paragraph 45 is deemed to include allegations against WTPA to which a response is required, the same are denied.

46. The allegations of paragraph 46 do not appear to be directed to this answering Defendant. In the event paragraph 46 is deemed to include allegations against WTPA to which a response is required, the same are denied.

47. The allegations of paragraph 47 do not appear to be directed to this answering Defendant. In the event paragraph 47 is deemed to include allegations against WTPA to which a response is required, the same are denied.

48. The allegations of paragraph 48 do not appear to be directed to this answering Defendant.  In the event paragraph 48 is deemed to include allegations against WTPA to which a response is required, the same are denied.

49. The allegations of paragraph 49 do not appear to be directed to this answering Defendant.  In the event paragraph 49 is deemed to include allegations against WTPA to which a response is required, the same are denied.

50. The allegations of paragraph 50 do not appear to be directed to this answering Defendant.  In the event paragraph 50 is deemed to include allegations against WTPA to which a response is required, the same are denied.

51. The allegations of paragraph 51 do not appear to be directed to this answering Defendant.  In the event paragraph 51 is deemed to include allegations against WTPA to which a response is required, the same are denied.

52. The allegations of paragraph 52 do not appear to be directed to this answering Defendant.  In the event paragraph 52 is deemed to include allegations against WTPA to which a response is required, the same are denied.

53. The allegations of paragraph 53 do not appear to be directed to this answering Defendant.  In the event paragraph 53 is deemed to include allegations against WTPA to which a response is required, the same are denied.

54. The allegations of paragraph 54 do not appear to be directed to this answering Defendant. In the event paragraph 54 is deemed to include allegations against WTPA to which a response is required, the same are denied.

55. The allegations of paragraph 55 do not appear to be directed to this answering Defendant. In the event paragraph 55 is deemed to include allegations against WTPA to which a response is required, the same are denied.

56. WTPA denies the allegations of paragraph 56.

57. The allegations of paragraph 57 do not appear to be directed to this answering Defendant. In the event paragraph 57 is deemed to include allegations against WTPA to which a response is required, the same are denied.

58. To the extent the allegations of paragraph 58 are directed against WTPA, WTPA denies the same as calling for legal conclusions and affirmatively asserts it has no understanding of the term "Watchtower Protocols".

59. WTPA denies the allegations of paragraph 59.

60. WTPA denies the allegations of paragraph 60.

61. The allegations of paragraph 61 do not appear to be directed to this answering Defendant. In the event paragraph 61 is deemed to include allegations against WTPA to which a response is required, the same are denied.

10
MOULTON BELLINGHAM PC
ATTORNEYS AT LAW

62. The allegations of paragraph 62 do not appear to be directed to this answering Defendant. In the event paragraph 62 is deemed to include allegations against WTPA to which a response is required, the same are denied.

63. The allegations of paragraph 63 do not appear to be directed to this answering Defendant. In the event paragraph 63 is deemed to include allegations against WTPA to which a response is required, the same are denied.

64. WTPA denies the allegations of paragraph 64.

65. To the extent the allegations of paragraph 65 are directed against WTPA, WTPA denies the same.

66. The allegations of paragraph 66 do not appear to be directed to this answering Defendant. In the event paragraph 66 is deemed to include allegations against WTPA to which a response is required, the same are denied.

67. The allegations of paragraph 67 do not appear to be directed to this answering Defendant. In the event paragraph 67 is deemed to include allegations against WTPA to which a response is required, the same are denied.

68. To the extent the allegations of paragraph 68 are directed against WTPA, WTPA denies the same.

69. The allegations of paragraph 69 do not appear to be directed to this answering Defendant. In the event paragraph 69 is deemed to include allegations against WTPA to which a response is required, the same are denied.

### III.   CLAIMS

### First Claim: Negligence
(All Defendants)

70.   WTPA incorporates its previous responses herein.

71.   The allegations contained in paragraph 71 are conclusions of law, which do not require an affirmative response.  To the extent that any response is required, WTPA denies the same.

72.   The allegations contained in paragraph 72 are conclusions of law, which do not require an affirmative response.  To the extent that any response is required, WTPA denies the same.

73.   The allegations contained in paragraph 73 are conclusions of law, which do not require an affirmative response.  To the extent that any response is required, WTPA denies the same.

### Second Claim: Negligence Per Se
(All Defendants)

74.   WTPA incorporates its previous responses herein.

75.   The allegations contained in paragraph 75 are conclusions of law, which do not require an affirmative response.  To the extent that any response is required, WTPA denies the same.

76.     The allegations contained in paragraph 76 are conclusions of law, which do not require an affirmative response. To the extent that any response is required, WTPA denies the same.

77.     The allegations contained in paragraph 77 are conclusions of law, which do not require an affirmative response. To the extent that any response is required, WTPA denies the same.

78.     The allegations contained in paragraph 78 are conclusions of law, which do not require an affirmative response. To the extent that any response is required, WTPA denies the same.

79.     The allegations contained in paragraph 79 are conclusions of law, which do not require an affirmative response. To the extent that any response is required, WTPA denies the same.

80.     The allegations contained in paragraph 80 are conclusions of law, which do not require an affirmative response. To the extent that any response is required, WTPA denies the same.

### **Punitive Damages**
(All Defendants)

81.     WTPA incorporates its previous responses herein.

82.     The allegations contained in paragraph 82 are conclusions of law, which do not require an affirmative response. To the extent that any response is required, WTPA denies the same.

83. The allegations contained in paragraph 83 are conclusions of law, which do not require an affirmative response. To the extent that any response is required, WTPA denies the same.

## **AFFIRMATIVE DEFENSES**

1. WTPA denies each and every allegation in Plaintiffs' Second Amended Complaint not specifically admitted herein, including any allegations in Plaintiffs' Prayer for Relief.

2. Plaintiffs' Second Amended Complaint fails to state a claim against WTPA upon which relief can be granted.

3. Plaintiffs' Second Amended Complaint, and each cause of action therein, is barred by the First Amendment to the U.S. Constitution and/or Article II, Sections 4-5 of The Constitution of the State of Montana.

4. Plaintiffs' Second Amended Complaint, and each cause of action thereof, characterizes church hierarchy, doctrine, policy, and practices to establish a foundational basis for liability in violation of federal and state constitutional proscriptions.

5. Plaintiffs' Second Amended Complaint, and each cause of action thereof, improperly blurs the existence of distinct legal entities to conflate their existence into a single religious entity in violation of the First and Fourteenth Amendments to the United States Constitution.

6. The claim for punitive damages violates WTPA's right to due process and equal protection as guaranteed by the Fourteenth Amendment to the United States Constitution and/or Article II, Sections 4 (equal protection) and 17 (due process) of The Constitution of the State of Montana.

7. The imposition of punitive damages in this case would violate the Commerce Clause of the United States Constitution.

8. The imposition of punitive damages in this case would violate the First, Fifth, Sixth, Eighth and/or Fourteenth Amendments to the United States Constitution.

9. With respect to the claim for punitive damages, WTPA specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damages awards which arose in the decisions of *BMW of North America v. Gore,* 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424 (2001); *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *Williams v. Phillip Morris*, 549 U.S. 336 (2007); and *Exxon Shipping Co. v. Baker,* 554 U.S. 471 (2008), as well as the limits imposed by Mont. Code Ann. § 27-1-220 *et seq*.

10. Plaintiffs have not pleaded and proved sufficient facts to support an award of punitive damages against WTPA under applicable law including, but not limited to, the failure to plead and prove conduct by an officer, director or managing

15

agent of WTPA that would entitle them to recover punitive damages and failure to plead facts sufficient to meet the requisites of Mont. Code Ann. § 27-1-220 *et seq*.

11. If and only if Plaintiffs' allegations are accurate, then WTPA asserts its entitlement to an apportionment of fault by the trier of fact between any person (legal or natural) to whom apportionment of fault may be made under Mont. Code Ann. § 27-1-703 and other statutory and common law principles.

12. Plaintiffs' claims are precluded by the applicable statutes of limitations, including but not limited to Mont. Code Ann. § 27-2-216.

13. Plaintiffs' claims are barred, in whole or in part, by reason of laches, estoppel, waiver, res judicata, and/or other equitable defenses.

14. WTPA had no duty to and/or breached no duty to Plaintiffs.

15. Assuming Plaintiffs' allegations are accurate, WTPA did not have an obligation to report the allegations, pursuant to Mont. Code Ann. § 41-3-201(6).

16. Plaintiffs' claims are barred by the doctrine of Charitable Immunity.

17. The acts or omissions of third parties, individuals, or entities for which WTPA has no responsibility, either directly or indirectly, whether or not presently named parties to this action, were the sole, intervening, or contributing cause of Plaintiffs' claimed damages, if any.  Such acts or omissions bar and/or proportionately reduce recovery, if any, by Plaintiffs against WTPA.

18. Plaintiffs have failed to join all necessary and indispensable persons for a full and just adjudication of the purported causes of action asserted in the Second Amended Complaint.

19. To the extent Plaintiffs have failed to mitigate, minimize, or avoid any of their claimed damages, any recovery against WTPA is void or must be reduced accordingly.

20. Pursuant to Mont. Code Ann. § 27-1-308, any recovery against WTPA must be reduced by the amount of any payments received by Plaintiffs from collateral sources.

21. Plaintiffs' alleged injuries, harm, losses, and/or damages, if any, are a result of pre-existing and/or unrelated medical, psychological, and/or emotional conditions for which WTPA is not responsible.

22. Plaintiffs' alleged injuries, harm, losses, and/or damages, if any, are a result of post-event and/or unrelated medical, psychological, and/or emotional conditions for which WTPA is not responsible.

23. To the extent Plaintiffs are asserting claims for damages which have not yet occurred, are not reasonably certain, and/or are speculative or conjectural in nature, the claims are premature.

24. Plaintiffs are not entitled to the recovery of attorney fees.

25. Plaintiffs are not entitled to an award of prejudgment interest.

26. WTPA expressly reserves the right to pursue claims of contribution and/or indemnity against all parties and non-parties to the fullest extent allowed by law.

27. WTPA hereby gives notice of an intent to rely upon such other affirmative defenses as may become available or apparent during the course of discovery or other proceedings and thus reserves the right to amend this list or assert such other defenses to which WTPA is entitled.  WTPA also reserves the right to withdraw any affirmative defenses upon discovery of factors or evidence rendering such action appropriate.

**WHEREFORE**, WTPA requests that this Court:

1. Deny and dismiss Plaintiffs' Second Amended Complaint with prejudice, and order that Plaintiffs' take nothing thereunder;

2. Enter judgment in favor of WTPA;

3. Award WTPA its costs of suit; and

4. Grant such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

WTPA hereby demands a trial by jury.

**DATED** this 19th day of November, 2021.

          MOULTON BELLINGHAM PC

By   */s/ Christopher T. Sweeney*
      GERRY P. FAGAN
      CHRISTOPHER T. SWEENEY
      JORDAN W. FITZGERALD
      27 North 27th Street, Suite 1900
      P.O. Box 2559
      Billings, Montana 59103-2559

      *Attorneys for Watch Tower Bible and Tract Society of Pennsylvania*