*Exhibit 1*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | |
|---|---|
| ARIANE ROWLAND, and JAMIE SCHULZE<br><br>    Plaintiff,<br><br>vs.<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., and WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA,<br><br>    Defendants. | Cause No. CV 20-59-BLG-SPW<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

   IT APPEARING that certain information and documents subject to discovery in these proceedings may contain secret, confidential, or proprietary information, the parties to the captioned action, by and through their undersigned attorneys, HEREBY STIPULATE AND AGREE pursuant to Fed. R. Civ. P. 26(c)(1) as follows:

**I. SCOPE AND IMPLEMENTATION OF THIS PROTECTIVE ORDER**

   1. This Stipulated Confidentiality Agreement and Protective Order ("Protective Order"), will govern the handling and dissemination of all Documents and Information (e.g., contained in documents produced pursuant to the Federal Rules of Civil Procedure, contained in documents produced pursuant to a request for

Stipulated Confidentiality Agreement and Protective Order
*Rowland and Schulze v. Watchtower Bible Tract of New York, Inc., et. al.*

-1-

production of documents, provided in an answer to an interrogatory or contained in a document produced in lieu thereof, produced in response to a subpoena *duces tecum*, provided by way of testimony or affidavit, presented in any pleading or memorandum, contained in responses to requests for admission, or produced with any correspondence) produced or disclosed, formally or informally, in any manner during the course of the above-captioned action ("Action").[1]

    2.    All Documents and Information produced or disclosed pursuant to this Protective Order shall be used solely in the following two cases: *Tracy Caekaert et al. v. Watchtower Bible and Tract Society of New York, Inc., et al.*, Cause No. CV-20-52-BLG-SPW in the United States District Court for the District of Montana, Billings Division; and *Ariane Rowland et al. v. Watchtower Bible and Tract Society of New York, Inc., et al.*, Cause No. CV-20-59-BLG-SPW in the United States District Court for the District of Montana, Billings Division. All Documents and Information produced or disclosed pursuant to this Protective Order shall not be used in connection with any other litigation or judicial proceeding or for any business, commercial, competitive, personal or other purpose whatsoever. The parties agree to maintain the confidentiality of all Documents and Information produced or disclosed

---

[1] This Protective Order is in addition to and does not supersede or otherwise alter the Stipulated Protective Order (Doc. 40-1) previously entered by the Court (Doc. 41), which remains in effect as to the Documents and Information produced pursuant to it.

Stipulated Confidentiality Agreement and Protective Order
*Rowland and Schulze v. Watchtower Bible Tract of New York, Inc., et. al.*

-2-

pursuant to this Protective Order during the course of this Action and upon termination of this Action, whether by settlement or final judgment, unless subject to a court order superseding this Protective Order.

## II.     DESIGNATION OF CONFIDENTIAL INFORMATION

1.     "Confidential Information" is information which a party reasonably and in good faith would not normally reveal to others unless such others would maintain it in confidence. "Confidential Information—Attorney's Eyes Only" is Confidential Information that a Producing Party contends in good faith to be highly sensitive Confidential Information that could result in irreparable harm to the Producing Party if disclosed to the Receiving Party

2.     Before the production of any Document or Information containing Confidential Information or Confidential Information—Attorney's Eyes Only, the party producing the Document or disclosing the Information ("Producing Party") shall mark each page containing such Confidential Information or Confidential Information—Attorney's Eyes Only with a legend substantially in the following form: "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY."  Such a designation shall make such items and all copies, prints, summaries, or other reproductions of such information subject to this Protective Order.  The legend shall be placed as to not physically impede the view of text or

Stipulated Confidentiality Agreement and Protective Order
*Rowland and Schulze v. Watchtower Bible Tract of New York, Inc., et. al.*

-3-

characters on the produced document in any way. If any Confidential Information or Confidential Information—Attorney's Eyes Only is disclosed in deposition testimony, the party claiming confidentiality shall notify the other parties of the portion of the testimony for which such treatment is sought within 21 days after receipt of the transcript, and each page of the transcript which contains Confidential Information or Confidential Information—Attorney's Eyes Only shall be marked with such a legend and delivered by the party claiming confidentiality to all other parties within a reasonable time period thereafter. Deposition transcripts shall be considered Confidential Information in their entirety until the expiration of the 21-day period.

3. With regard to non-written materials, such as recordings, magnetic media, photographs and things containing Confidential Information or Confidential Information—Attorney's Eyes Only, the legend shall be affixed to the material, or a container for it, at the time of production.

4. Confidential Information or Confidential Information—Attorney's Eyes Only shall not be given, shown, made available, or communicated in any way to anyone except as described in Section III, Paragraphs 1 and 2, below.

///

///

Stipulated Confidentiality Agreement and Protective Order
*Rowland and Schulze v. Watchtower Bible Tract of New York, Inc., et. al.*

-4-

### III. DISCLOSURE OR USE OF CONFIDENTIAL INFORMATION

1. The party to whom Confidential Information is produced ("Receiving Party") may disclose, summarize, describe, reveal or otherwise make available the Confidential Information, in whole or in part, only in accordance with the terms of this Protective Order, and only to the following persons:

 a) the attorneys of record in this Action and their partners, associates, clerks, paralegals, legal assistants, secretarial personnel, co-counsel, and/or those regularly employed by the attorneys of record;

 b) the Court and Court personnel, including stenographic reporters and videographers, and the jury in the trial of this Action;

 c) deposition and trial witnesses, except that such a person may only be shown Confidential Information during, or in the preparation of, his or her testimony, and only to the extent necessary for such preparation or testimony;

 d) the parties and their officers, directors, managers, and designees to the extent necessary for the prosecution or defense of this Action; and

 e) persons who are, or are employees of, independent experts, consultants, document managers, and litigation support contractors retained

Stipulated Confidentiality Agreement and Protective Order
*Rowland and Schulze v. Watchtower Bible Tract of New York, Inc., et. al.*

-5-

by the attorneys of record or parties to this Action, provided that they first fully execute an exact copy of the document entitled "DECLARATION OF INTENT TO COMPLY WITH PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION," which is attached hereto and marked as **Exhibit A**.

2. The parties shall have the right to designate Confidential Information as "CONFIDENTIAL INFORMATION —ATTORNEYS' EYES ONLY," if said information is believed in good faith to be highly sensitive Confidential Information that could result in irreparable harm to the Producing Party if disclosed to the Receiving Party.

3. Confidential Information or Confidential Information—Attorney's Eyes Only used in connection with any motion or hearing in connection with this Action shall be filed for the Court's review under seal pursuant to L.R. 5.2.

4. The parties understand that any Confidential Information relied upon by the Court in resolving any issue before the Court, including Confidential Information filed under seal as set forth herein, will be made public contemporaneously with the Court's ruling on the issue.

5. In the event that the Receiving Party is required, by court or administrative or regulatory order, or other similar process outside of this

Stipulated Confidentiality Agreement and Protective Order
*Rowland and Schulze v. Watchtower Bible Tract of New York, Inc., et. al.*

-6-

litigation, to disclose any of the Confidential Information or Confidential Information—Attorney's Eyes Only, the Receiving Party, shall, if possible, provide the Producing Party with prompt written notice within five (5) days of receiving any request for Confidential Information or Confidential Information—Attorney's Eyes Only and at least fifteen (15) days prior to the disclosure of Confidential Information or Confidential Information—Attorney's Eyes Only, such that the Producing Party may seek a protective order or other appropriate remedy to prohibit or to limit such disclosure.  If, in the absence of a protective order, the Receiving Party is nonetheless compelled to disclose Confidential Information or Confidential Information—Attorney's Eyes Only, the Receiving Party may, without liability hereunder, disclose such portions of the Confidential Information or Confidential Information—Attorney's Eyes Only that are legally required to be disclosed.  The Receiving Party shall as soon as practicable thereafter advise Producing Party of the Confidential Information or Confidential Information—Attorney's Eyes Only so disclosed and the persons to whom it was so disclosed.

## IV.   OBJECTIONS TO CONFIDENTIAL DESIGNATIONS

1.   If any party objects to the designation of any Document or Information as Confidential Information or as Confidential Information—

Stipulated Confidentiality Agreement and Protective Order
*Rowland and Schulze v. Watchtower Bible Tract of New York, Inc., et. al.*

-7-

Attorney's Eyes Only, such objection shall first be made informally with a written notification to all counsel.  If an informal resolution cannot be reached, the objecting party may move the Court for an Order declaring that the information so designated is not entitled to protection.  During the pendency of such motion, and until determination on the merits has been made by the Court, the material claimed to be Confidential Information or Confidential Information—Attorney's Eyes Only shall remain subject to the terms and conditions of this Protective Order.

2. The parties are not obligated to challenge the designation of any Confidential Information or Confidential Information—Attorney's Eyes Only at the time of receipt, disclosure, or designation thereof, and a failure to do so shall not preclude a subsequent challenge.

V. **INADVERTENT PRODUCTION OF DOCUMENTS OR INFORMATION**

1. Inadvertent failure to designate any Document or Information that the Producing Party later determines should have been designated Confidential Information or Confidential Information—Attorney's Eyes Only will not be deemed a waiver of the right to make that designation.  The party to whom such inadvertent disclosure is made shall, upon written request by the Producing Party, treat such material as Confidential Information or Confidential Information—Attorney's Eyes Only in accordance with this Protective Order.  Upon receipt of

Stipulated Confidentiality Agreement and Protective Order
*Rowland and Schulze v. Watchtower Bible Tract of New York, Inc., et. al.*

-8-

such written notice, the party who received the previously undesignated Confidential Information or Confidential Information—Attorney's Eyes Only shall make all reasonable efforts under the circumstances to: (1) retrieve all such material disclosed to persons other than those so authorized pursuant to this Protective Order; (2) prevent further use or disclosure of the Documents or Information contained in the previously undesignated Confidential Information or Confidential Information—Attorney's Eyes Only by or to persons other than those so authorized herein.  The party who made the inadvertent disclosure shall provide all parties to the case new copies of the subject documents affixed with the appropriate Confidential Information or Confidential Information— Attorney's Eyes Only legend.   Upon receipt of such properly marked documents, the recipient shall destroy all unmarked versions of such documents.

    2.    Inadvertent production of Documents or Information subject to work product immunity or the attorney-client privilege shall not constitute a waiver of this immunity or privilege, provided that the Producing Party shall notify the Receiving Party of such inadvertent production no later than the first time the Producing Party knows or should have known of its use by the Receiving Party. Any inadvertently produced Documents or Information shall be returned to the Producing Party upon request, and the Receiving Party shall destroy all copies

Stipulated Confidentiality Agreement and Protective Order
*Rowland and Schulze v. Watchtower Bible Tract of New York, Inc., et. al.*

-9-

thereof, including electronic copies, as well as all notes, memoranda or other documents that summarize, discuss or quote the Documents or Information.  No use shall be made of such Documents or Information during deposition or at trial, nor shall they be shown to anyone who has not already been given access to them after the request to return them.  With respect to the application of any claim of privilege or immunity for inadvertently produced materials, if the parties are unable to reach a satisfactory agreement within fifteen business (15) days, the Producing Party may, within fifteen (15) business days thereafter, petition the Court to resolve the matter.  The Receiving Party shall not disclose the document for which the belated claim of immunity or privilege is being made to any persons, other than those persons who have had it in their possession before the receipt of notification from the Producing Party, until the expiration of the fifteen (15) day period identified in this paragraph or, if the matter is submitted to the Court, until disposition of the matter.  Nothing in this Protective Order precludes either party from petitioning the Court for return of later-discovered, inadvertently produced attorney work product or attorney-client privileged documents.

**VI.     MAINTENANCE OF CONFIDENTIAL INFORMATION AND CONFIDENTIAL INFORMATION—ATTORNEY'S EYES ONLY**

1.     All persons who receive Confidential Information or Confidential Information—Attorney's Eyes Only in accordance with the terms of this Protective

Stipulated Confidentiality Agreement and Protective Order
*Rowland and Schulze v. Watchtower Bible Tract of New York, Inc., et. al.*

-10-

Order shall maintain the same, at all times, in secure facilities with reasonable precautions taken to ensure that access to such material is restricted to persons entitled to have such access pursuant to this Protective Order.  It is stipulated that the offices of counsel for both parties constitute suitable secure facilities.

2. Within 45 calendar days after the conclusion of this Action in its entirety, including all appeals, all parties or persons having received Confidential Information or Confidential Information—Attorney's Eyes Only shall dispose of all designated materials either by destruction or by returning such materials to counsel of record for the Producing Party.  The Receiving Party's counsel agrees to certify in writing to counsel for the Producing Party that this provision has been satisfied.  Notwithstanding this provision, external legal counsel of record are entitled to retain an archival copy of all pleadings, motion papers, transcripts, deposition transcripts, legal memoranda, correspondence, documents produced, or attorney work product, even if such materials contain Confidential Information or Confidential Information—Attorney's Eyes Only.  Any such archival copy that contains or constitutes Confidential Information or Confidential Information—Attorney's Eyes Only shall remain confidential and subject to this Protective Order even after the conclusion and dismissal of this Action.

///

Stipulated Confidentiality Agreement and Protective Order
*Rowland and Schulze v. Watchtower Bible Tract of New York, Inc., et. al.*

-11-

## VII. UNAUTHORIZED DISCLOSURE

1. In the event of disclosure of any Confidential Information or Confidential Information—Attorney's Eyes Only to a person not authorized for access to such material in accordance with the provisions hereof, the party responsible for having made, and any party with knowledge of, such disclosure shall immediately inform counsel for the Producing Party whose Confidential Information or Confidential Information—Attorney's Eyes Only has thus been disclosed of all known relevant information concerning the nature and circumstances of the disclosure. The party responsible shall also promptly take all reasonable measures to ensure that no further unauthorized disclosure or use of the Confidential Information or Confidential Information—Attorney's Eyes Only is made. Each party shall cooperate in good faith in that effort.

2. Nothing herein is intended to limit or expand remedies available at law, if any, for a breach of this Protective Order.

## VIII. LIMITS AND DURATION OF THIS PROTECTIVE ORDER

1. Entering into, agreeing to, or otherwise complying with the terms of this Protective Order, including producing or receiving Confidential Information or Confidential Information—Attorney's Eyes Only, shall not:

Stipulated Confidentiality Agreement and Protective Order
*Rowland and Schulze v. Watchtower Bible Tract of New York, Inc., et. al.*

-12-

      a)     prevent the parties to this Protective Order from agreeing to alter or waive the provisions or protections provided for herein, in writing, with respect to any Confidential Information or Confidential Information—Attorney's Eyes Only;

      b)     prejudice in any way the rights of a party to object to any discovery request seeking production of material it considers not subject to discovery;

      c)     prejudice in any way the rights of a party to seek a determination by the Court that any requested discovery be made;

      d)     prejudice in any way the rights of a party to apply to the Court for further protective orders or modifications of this Protective Order; or

      e)     prejudice in any way the rights of the parties to object to any evidence at trial or other evidentiary proceeding in this case on grounds other than those related to this Protective Order

2.     This Protective Order shall govern the parties' actions and will survive the termination of this Action.

3.     The foregoing is agreed and stipulated to by the parties, through their counsel, as indicated below.

DATED this 26th day of January, 2022.

Stipulated Confidentiality Agreement and Protective Order
*Rowland and Schulze v. Watchtower Bible Tract of New York, Inc., et. al.*

-13-

MEYER, SHAFFER & STEPANS, PLLP

By: /s/ Ryan Shaffer
Ryan Shaffer

*Attorney for Plaintiffs*


MOULTON BELLINGHAM PC

By: /s/ Christopher T. Sweeney
Christopher T. Sweeney

*Attorneys for Defendant Watch Tower Bible and Tract Society of Pennsylvania*

BROWN LAW FIRM, P.C.

By: /s/ Jon A. Wilson
Jon A. Wilson

*Attorneys for Defendants Watchtower Bible and Tract Society of New York, Inc.*

Stipulated Confidentiality Agreement and Protective Order
*Rowland and Schulze v. Watchtower Bible Tract of New York, Inc., et. al.*

-14-

# EXHIBIT A

# DECLARATION OF INTENT TO COMPLY WITH PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

This is to certify that I have read and understand the attached Protective Order.

As a condition of my review or examination of certain materials marked or otherwise designated as Confidential Information or CONFIDENTIAL – ATTORNEYS' EYES ONLY—INFORMATION, I hereby agree under penalty of perjury to comply with the provisions of the attached Protective Order and, specifically not to disclose or use any Confidential Information or CONFIDENTIAL – ATTORNEYS' EYES ONLY—INFORMATION except as authorized therein. I understand that failure to abide fully by the terms of the attached Protective Order may result in legal action against me personally.

| | |
|---|---|
| _____ | _____ |
| Name | Occupation -job title |
| _____ | _____ |
| Home address | Employer |
| Check One: | |
| _____ Independent Expert or Consultant | _____ |
| _____ Other (Explain: _____) | Employer address |
| | _____ |
| | Work telephone number |