Robert L. Stepans
Ryan R. Shaffer
James C. Murnion
Meyer, Shaffer & Stepans, PLLP
430 Ryman Street
Missoula, MT  59802
Tel: (406) 543-6929
Fax: (406) 721-1799
rob@mss-lawfirm.com
ryan@mss-lawfirm.com
james@mss-lawfirm.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| ARIANE ROWLAND, and JAMIE SCHULZE,<br><br>Plaintiff,<br><br>vs.<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., and WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA,<br><br>Defendants. | Cause No. CV 20-59-BLG-SPW<br><br>**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO SUPPLEMENT THE RECORD ON THEIR MOTION FOR SANCTIONS** |

## BACKGROUND

1. Plaintiffs filed a Motion requesting sanctions because Watch Tower Bible and Tract Society of Pennsylvania's ("WTPA") in-house counsel, Philip

Brumley, submitted a false and intentionally misleading affidavit to this Court regarding WTPA's activities that bear on the question of personal jurisdiction. ECF Doc. 90, 91.

2. The unambiguous purpose of Brumley's affidavit was to convince the Court that WTPA was an inconsequential player in the overall functioning of the Jehovah's Witnesses church, and therefore it would be improper for the Court to exercise jurisdiction over it. ECF Doc. 10, 10-1.

3. Brumley and WTPA submitted the false and misleading affidavit with the hope that the Court would dismiss Plaintiffs' cases against WTPA without permitting Plaintiffs to conduct discovery into the veracity of the affidavit. ECF Doc. 9, 10, 18.

4. The Court permitted discovery and Plaintiffs subsequently obtained thousands of pages of documents establishing that Brumley's representations to this Court were both false and highly misleading, all of which were within Brumley and WTPA's possession and control at the time they submitted his affidavit. ECF Doc. 86.

5. After forcing Plaintiffs to spend nearly 18 months litigating the veracity of Brumley's representations about WTPA's activities, WTPA withdrew its Rule 12(b)(2) Motion at the last minute. ECF Doc. 84.

6. Plaintiffs have now obtained the 1986 sworn affidavit of Watchtower Bible

Brief in Support of Plaintiffs' Motion to Supplement the Record
*Rowland and Schulze v. Watchtower Bible Tract of New York, Inc., et. al.*
Page *2* of *7*

and Tract Society, Inc.'s ("WTNY") assistant Secretary-Treasurer, Don Adams, who made sworn statements to a Texas court about WTPA's activities which further contradict Brumley's sworn statements to this Court. Mr. Adams' 1986 affidavit is attached hereto as **Exhibit 1**.

### 1986 DON ADAMS AFFIDAVIT

In the early 1980s, the Bonham, TX Congregation of Jehovah's Witnesses attempted to wrest control of its Kingdom Hall from WTNY.  As part of WTNY's legal effort to maintain control of the Kingdom Hall, it submitted the sworn affidavit of Don Adams, who stated, *inter alia*:

> *To implement their decisions, the Governing Body uses a hierarchal organization together with corporate entities, when appropriate, to accomplish its worldwide work of teaching and declaring the good news of God's established Kingdom.  The principal corporation used by the Governing Body is the Watch Tower and Tract Society of Pennsylvania.  (See* Organized to Accomplish Our Ministry*, page 26.)*
>
> *Under the Watch Tower Bible and Tract Society of Pennsylvania, the Governing Body directs 95 Branches through Branch Committees that report their progress to the Governing Body and implement the directives of the Governing Body in a uniform manner.  (See* Organized to Accomplish Our Ministry*, pages 26 and 27.)*

**Ex. 1**, ¶¶ 6, 7.  The excerpt from the Organized to Accomplish Our Ministry cited in Mr. Adams' 1986 affidavit further provides:

> *It has proved to be the course of wisdom for the 'faithful slave' to organize certain corporations that are recognized by the laws of various countries.  These religious corporations* <u>own and operate printing facilities</u> *that produce and distribute Bibles and Bible*

*Rowland and Schulze v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 3 of 7

> *literature on a worldwide basis for use in the Kingdom ministry. <u>The first in time and the principal corporation used in this way</u> is the Watch Tower Bible and Tract Society of Pennsylvania.*

Organized to Accomplish Our Ministry 26 (1983) (emphasis added) (excerpt attached to **Exhibit 1**).

### ARGUMENT IN SUPPORT OF SUPPLEMENTATION

Mr. Adams' affidavit and its source material is important to the Court's consideration of Plaintiffs' Motion for Sanctions for two primary reasons. First is the affidavit's timing: 1986 was right in the middle of the events at issue in this case, and the affidavit therefore demonstrates how the Jehovah's Witness entities were representing WTPA's activities during the events at issue in this case to another Court. Second is the content: Mr. Adams' sworn statements to the Texas court show that during the time-period at issue in this case the Jehovah's Witness entities and their representatives were portraying a far different version of WTPA's activities and role in the religion than Brumley would have this Court believe.

Mr. Adams' 1986 affidavit accurately represented to a Texas court that WTPA was the primary corporate entity used by the Governing Body to accomplish its worldwide work, including overseeing 95 branches and operating printing facilities that print and distribute Bibles and Bible based literature

Brief in Support of Plaintiffs' Motion to Supplement the Record
*Rowland and Schulze v. Watchtower Bible Tract of New York, Inc., et. al.*
*Page 4 of 7*

"worldwide."[1]  In contrast, Brumley told this Court that WTPA had no business in Montana, had no contact with congregations in Montana, and did not print Bible based "books, magazines, brochures, and tracts."  ECF Doc. 10-1.  In short, Mr. Adams' affidavit is evidence that Mr. Brumley's effort to convince this Court that WTPA was an inconsequential player in the Jehovah's Witness Organization during the time-period at issue in this case was false, intentionally misleading, and made in bad faith.

WTPA has stated that it chose to withdraw its Rule 12(b)(2) Motion because some of the religious documents produced in discovery are "awkwardly worded," "could possibly cause confusion," and "clouded an otherwise clear issue."  ECF Doc. 95 at 7, 14[2].  To the contrary.  Those documents are quite clear, and they unambiguously contradict Mr. Brumley's effort to convince this Court that WTPA did nothing of import that could lead to personal jurisdiction in Montana.  Mr.

---

[1] To this day WTPA continues to try and deny the plainly false and misleading nature of Brumley's statements about WTPA's role in the printing of Bibles and Bible based literature.  ECF Doc. 95 at 10.  Mr. Adams' reference to pages 26 and 27 of <u>Organized to Accomplish Our Ministry</u> make plain that in 1986 the Jehovah's Witnesses entities were representing to another Court that WTPA was "the first in time and principal corporation" used to "own and operate printing facilities that produce and distribute Bibles and Bible literature worldwide."  These words could not be clearer, and they are wholly incompatible with Brumley's representations to this Court when it comes to WTPA's activities during the period in question in this case.

[2] Page citations are to the ECF page number

*Rowland and Schulze v. Watchtower Bible Tract of New York, Inc., et. al.*
*Page 5 of 7*

Adams' 1986 affidavit now provides additional sworn testimony, from a Jehovah's Witness representative, which corroborates those documents and further undermines Mr. Brumley's effort to mislead this Court.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request permission to rely on and refer to Mr. Adams' 1986 affidavit (and material cited therein) as part of the record on their Motion for Sanctions.

DATED 24th day of March, 2022.

                MEYER, SHAFFER & STEPANS PLLP

                By: /s/ Ryan Shaffer
                    Ryan R. Shaffer
                    MEYER, SHAFFER & STEPANS PLLP

                    *Attorneys for Plaintiffs*

Brief in Support of Plaintiffs' Motion to Supplement the Record
*Rowland and Schulze v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **6** of *7*

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 1.4, this document has been served on all parties via electronic service through the Court's Case Management/Electronic Case Filing (CM/ECF) system.

By: <u>/s/ Ryan Shaffer</u>
Ryan R. Shaffer
MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*

Brief in Support of Plaintiffs' Motion to Supplement the Record
*Rowland and Schulze v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 7 of 7