IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ARIANE ROWLAND and JAMIE SCHULZE, <br><br> Plaintiffs, <br><br> vs. <br><br> WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., and WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, <br><br> Defendants. | CV 20-59-BLG-SPW <br><br> ORDER |

Before the Court is Plaintiffs Ariane Rowland and Jamie Schulze's second motion for sanctions related to Defendant Watchtower Bible and Tract Society of New York, Inc.'s ("WTNY") answers to Interrogatories No. 9 and 15. (Doc. 264). In their first motion, Plaintiffs argued WTNY violated the Court's August 24, 2021 Order Granting Plaintiffs' Motion to Compel Jurisdictional Discovery Responses (Doc. 72). (Doc. 220). Plaintiffs contended WTNY failed to "fully and completely" respond to Interrogatories 9 and 15 because WTNY omitted substantial information concerning the Jehovah's Witnesses Governing Body and the relationships among several of the organization's entities that Plaintiffs later discovered on their own.

1

(Doc. 221 at 1–10). As for the appropriate remedy, Plaintiffs asked the Court to prohibit WTNY from presenting certain defenses and evidence. (*Id.* at 16–17).

The Court agreed with Plaintiffs that WTNY had failed to fulfill its duty to fully and completely respond to the interrogatories, in compliance with the Court's August 2021 order. (Doc. 253). However, the Court rejected the Plaintiffs' requested remedy. (*Id.* at 36–37). Instead of prohibiting WTNY from presenting certain defenses and evidence, the Court ordered certain designated facts as established and imposed monetary sanctions. (*Id.*).

Plaintiffs now ask the Court to order more facts as established as true to further sanction WTNY for continuing to fail to provide full and complete answers. (Doc. 264).

WTNY responded that the Court should deny Plaintiffs' motion as an untimely and improper motion for reconsideration under Federal Rule of Civil Procedure 59(e). (Doc. 292 at 2). WTNY argues the motion is one for reconsideration because Court already has ruled on the issues, and Plaintiffs' request effectively asks for different relief. (*Id.*). The motion is untimely because it was filed more than 28 days after the Court's original sanctions order. (*Id.* at 5). The motion is improper because Plaintiffs raise arguments that could have been raised before the Court's original sanctions order. (*Id.* at 5–6). WTNY maintains that the facts Plaintiffs assert they learned in the Rule 30(b)(6) deposition after the Court's

2

original sanctions order cover topics Plaintiffs addressed in their original motion. (*Id.* at 6). WTNY does not contest the truth of the facts Plaintiffs ask to be established.

With leave of the Court, Defendant Watch Tower Bible and Tract Society of Pennsylvania ("WTPA") responded to the motion, asserting that the Court should narrow any facts it establishes as true to exclude references to WTPA because WTPA has not been sanctioned on this issue. (Doc. 264).

In their reply, Plaintiffs reject that their motion is one for reconsideration. (Doc. 370 at 2). Plaintiffs contend their motion does not call into question the correctness of the Court's prior ruling or seek to alter the prior ruling. (300 at 3). Further, even if framed as asking the Court to reconsider its previous ruling, Rule 59(e) only applies to final judgments. (*Id.*). Plaintiffs' motion relates to an interlocutory order, any reconsideration of which would fall under the Court's discretionary powers rather than Rule 59(e). (*Id.*). Plaintiffs also rebut WTNY's assertion that Plaintiffs could have raised their arguments in the former motion, since the Court fashioned a remedy Plaintiffs had not proposed. (*Id.* at 4). Last, Plaintiffs note that WTNY has ignored its ongoing obligation to supplement its answers to Plaintiffs' interrogatories, as demonstrated by the facts discovered in the Rule 30(b)(6) deposition that are responsive to Interrogatories 9 and 15. (*Id.*). Plaintiffs do not respond to WTPA's argument.

3

The Court agrees with Plaintiffs that their motion is not one for reconsideration. First, Rule 59(e) applies to motions to alter or amend *judgments*. The Court's original sanctions order did not enter judgment. Second, Plaintiffs are not asking the Court to reconsider any of the Court's previous decision. Rather, Plaintiffs are bringing to light more examples of WTNY's violations of the Court's order and WTNY's discovery obligations. In other words, Plaintiffs' motion asserts WTNY violated its discovery obligations with respect to Interrogatories 9 and 15 in other ways than those presented in Plaintiffs' initial motion.

The Court also recognizes the dilemma the Court would place Plaintiffs in if it decided that Plaintiffs could not present additional violations and facts that should be established as true given the Court fashioned its own remedy in its original sanctions order. Plaintiffs would have had to predict the Court may fashion that remedy and present all the evidence it had of violations, rather than present examples of violations to justify striking WTNY's affirmative defenses.

Thus, Plaintiffs motion is properly framed as one for sanctions pursuant to Rule 37. Since WTNY only objects to Plaintiffs' motion as improper under Rule 59(e), the rest of Plaintiffs' motion, except those carveouts requested by WTPA, is unopposed. Accordingly, the Court will grant Plaintiffs' motion. The Court will fashion the facts established as true to eliminate references to WTPA, as requested by WTPA and as the Court did in its first sanctions order on this issue.

IT IS SO ORDERED:

(1) Plaintiffs' Ariane Rowland and Jamie Schulze's Motion for Sanctions (Doc. 264) is GRANTED, except as to the references to WTPA.

(2) The following facts are deemed established:

    (a) During the period 1973 to 1992, the Governing Body acted through WTNY when it appointed and removed elders at local congregations;

    (b) During the period 1973 to 1992, the Governing Body acted through WTNY when it promulgated the policies and procedures elders at local congregations were to follow when handling allegations of child sexual abuse;

    (c) During the period 1973 to 1992, the Governing Body was acting through WTNY for all purposes relevant to this case;

    (d) Prior to the formation of the U.S. Branch Office in 2001, Jehovah's Witnesses referred to the departments at the New York Headquarters that oversaw U.S. congregations, including the Service Department, as the "branch"; and

    (e) Up to 2001, the "branch" communicated to local congregations through WTNY.

In light of the new information about what a reference to the "branch" means, the Court will allow Plaintiffs to amend the language of facts (g) and (h) in the original sanctions order if necessary. Plaintiffs originally referenced the "branch,"

5

not the "U.S. Branch Office," (Doc. 221 at 8), so Plaintiffs are entitled to amend those facts as necessary.

DATED the 14th day of May, 2024.

*Susan P. Watters*
SUSAN P. WATTERS
UNITED STATES DISTRICT JUDGE